In re The **NOVA REAL ESTATE INVESTMENT TRUST**, f/k/a First Virginia Mortgage and Read Estate Investment Trust, Debtor.

**Bankruptcy No. 80–111–W.**

United States Bankruptcy Court, S. D. Florida.

March 10, 1981.

Kenny Nachwalter & Seymour, P.A., Miami, Fla., Tolbert, Smith, Fitzgerald & Ramsey, Arlington, Va., Frankel, & Jacobs, Bethesda, Md., co-counsel for debtor.

Greenfield & Duval, North Miami, Fla., for Lou Poller, et al.

Oren R. Lewis, Jr., Arlington, Va., J. Vernon Patrick, Birmingham, Ala., Hugo Black, Jr., E. S. Corlett, III, Miami, Fla., for First Advisors Inc. of Virginia Corp.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on for hearing before me on the Application for Removal and Motion to Transfer case filed by THE NOVA REAL ESTATE INVESTMENT TRUST (NOVA), the Debtor in possession in a proceeding under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Eastern District of Virginia.

The Debtor seeks pursuant to the provisions of 28 U.S.C. § 1478 to transfer a case now pending in the Eleventh Judicial Circuit of Florida, in and for Dade County,

Florida, Case No. 78–10493(03) from that Court to the United States Bankruptcy Court for the Eastern District of Virginia.

In response to such Application and Motion there has been filed on behalf of the Plaintiff in the pending cause, a Motion to Abstain, Motion to Remand, Motion to Dismiss Application for Removal, Objection to Motion to Transfer case and Demand for Jury Trial.

The Court has heard argument of counsel, has reviewed the pleadings before me, and the extensive Memoranda of Law filed by each party and finds as follows:

1. Pursuant to the provisions of 28 U.S.C. § 1478(a), this Court has jurisdiction of this cause, to enter such Order as is prescribed by 28 U.S.C. § 1478(b).

2. NOVA is the Debtor in possession in a Chapter 11 proceeding now pending in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 80–01239. In a hearing before that Court on January 12, 1981, NOVA sought to effect a transfer of the Florida action to the Circuit Court in Alexandria, Virginia, to be joined to an action in which NOVA had been restrained from proceeding by the Florida Court. The Bankruptcy Judge refused to entertain such Motion and recognized the jurisdiction of this Court to exclusively deal with the issue of transfer and acknowledged that he would be bound by the ruling of this Court as to the Motion to Transfer.

3. NOVA is one of two (2) Defendants and Counter-Plaintiff in the suit pending in the Eleventh Judicial Circuit, in and for Dade County, Florida, Case No. 78–10493(03), which said cause has been pending since July, 1978. NOVA is subject to the jurisdiction of the Dade County Court by virtue of it having qualified to do business in Florida and the substantial business activities in which it has engaged in the State of Florida.

On October 21, 1980, after numerous hearings, the Circuit Court entered its Order resolving various Non-Jury issues and determining that discovery as to those issues was to be "forthwith commenced and concluded at the earliest possible date" and that "after conclusion of the non-jury trial, the further issues remaining as described in the said Order are to be set for jury trial".

4. The cause now appears, after extensive litigation, to be at issue and ready for trial in the Circuit Court of the Eleventh Judicial Circuit of Florida.

5. NOVA in its various Memoranda and in the argument before the Court acknowledges that it seeks to transfer the cause to the Bankruptcy Court in the Eastern District of Virginia and, thereafter, it will seek to further transfer the said cause to the Circuit Court of Alexandria, Virginia, where it contends the case should be tried.

6. Since the cause is ready for trial except for some discovery in the Circuit Court of the Eleventh Judicial Circuit of Florida, it would appear to be a waste of judicial labor and the substantial costs which have been borne by all parties in bringing the cause to issue, to now transfer the cause to the Circuit Court of Alexandria where the matter will again have to proceed through all of the preliminary processes of the litigation.

7. It would be inequitable to require the parties in the Dade County suit to begin anew before the Alexandria Court and this Court cannot advocate such waste of judicial labor, and the imposition of such additional financial burden upon the Plaintiff as well as upon the Debtor itself.

The Courts have consistently held that the efficient and economic administration of an estate is a highly important factor to be considered in connection with the transfer of a cause; *In Re: United Button Co.,* 137 F. 668 and *In Re: Triton Chem. Corp.,* 46 F.Supp. 326, 329; it is therefore the opinion of this Court that the cause should be remanded to the Eleventh Judicial Circuit of Florida, in and for Dade County, in accordance with the provisions of 28 U.S.C. § 1478(b).

In view of the Findings of Fact and Conclusions of Law arrived at herein, all other pending Motions are rendered moot.

8.   An appropriate Order will be entered in accordance with these Findings of Fact and Conclusions of Law of even date.