RESOLUTION TRUST CORP., As Receiver of Delta Savings & Loan Association, Inc., Plaintiff–Appellee,

v.

SONNY'S OLD LAND CORP., et al., Defendants–Appellants.

No. 90–3679.

United States Court of Appeals, Fifth Circuit.

July 17, 1991.

Winthrop G. Gardner, New Orleans, La., for defendants-appellants.

George Denegre, Jr., Edward J. Gay, III, Liskow & Lewis, New Orleans, La., Daniel H. Kurtenbach, Federal Deposit Ins. Corp., Washington, D.C., for plaintiff-appellee.

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Delta Savings & Loan Association, Inc. sued in a Louisiana court for payments due under promissory notes and guaranties and for judicial recognition of mortgages securing the notes. The Resolution Trust Corporation, as conservator and receiver, was later substituted for Delta in the suit and simultaneously removed to federal district court, where it obtained summary judgment. On appeal defendants contend that the district court lacked subject matter jurisdiction over the case. We affirm.

## I.

Sonny's Old Land Corporation and the other defendants below, over a three-and-one-half-year period from December 1984 through February 1988, borrowed money from Delta Savings & Loan Association, Inc. for the development of a residential subdivision. Defendants defaulted, and on September 30, 1988, Delta sued them in the state district court of Louisiana. On August 7, 1989, the Federal Home Loan Bank Board declared Delta insolvent. The FHLBB transferred substantially all of Delta's assets, but none of its general liabilities, to newly-formed Delta Savings & Loan Association, F.A. The FHLBB appointed the Federal Savings and Loan Insurance Corporation conservator of Delta, F.A. and receiver of the original Delta. But on August 9, 1989, upon the President's signing of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, the Resolution Trust Corporation succeeded the FSLIC.

On September 6, 1989 the state court substituted the RTC in the pending action: as party plaintiff, in its capacity as conservator, and as defendant-in-reconvention, in its capacity as receiver with respect to defendants' various counterclaims. Invoking FIRREA's special removal provision, 12 U.S.C. § 1441a($l$)(3), the RTC immediately removed to the United States District Court for the Eastern District of Louisiana. The district court denied a motion to remand and on June 15, 1990 ordered summary judgment for the RTC on all claims.

## II.

■ Before addressing the district court's jurisdiction on removal, we must decide our own jurisdiction. In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988), the Supreme Court held that strict compliance with Rule 3(c)'s specificity requirement is a prerequisite to appellate jurisdiction that cannot be waived even for "good cause shown." As in this case, the defect at issue in *Torres* was the use of the phrase "et al." to designate appellants not otherwise named in the notice of appeal. The Court found that this phrase "utterly fails" to provide the requisite notice to either of the intended recipients. *Id.* The Court acknowledged that this construction of Rule 3(c) might lead to harsh results but observed that the harshness is "imposed by the legislature and not the legal process." *Id.* 108 S.Ct. at 2409 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986)).

The notice of appeal here designated defendants as "Sonny's Old Land Corporation, et al." The body of the notice then stated, "Notice is hereby given that the defendants in this action, hereby appeal." We cannot say with any degree of certainty which of the six other defendants below join in this appeal. This notice engages our jurisdiction solely as to Sonny's Old Land Corporation.

## III.

■ Sonny's contends on appeal only that the district court did not acquire subject matter jurisdiction. We disagree.

FIRREA grants original federal jurisdiction over *all* actions, suits, or proceedings to which the RTC (the Corporation) is a party:

Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall

be deemed to arise under the laws of the United States, and *the United States district courts shall have original jurisdiction over such action, suit or, proceeding.*

12 U.S.C. 1441a(*l*)(1) (emphasis added). FIRREA also gives the RTC the absolute right, subject to certain time constraints, to remove *any* case from a state court in which it is a named party or is substituted as a party:

> The Corporation may, without bond or security, remove *any* such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or receiver has been appointed, the United States district court for the district where the institution's principal place of business is located. The removal of any action, suit, or proceeding shall be instituted ... not later than 90 days after the date the Corporation is substituted as a party.

12 U.S.C. § 1441a(*l*)(3) (emphasis added).

On the same day it was substituted as a party to this action, the RTC invoked § 1441a(*l*)(3) to remove to the United States District Court for the Eastern District of Louisiana. This was an "action, suit, or proceeding" in which the RTC was a party. There is no question but that the United States District Court was called upon to exercise original jurisdiction in that the case was still at the trial level when removed. It follows that the district court had subject matter jurisdiction under § 1441a(*l*)(1).

■ Sonny's argued in its motion to remand, and argues again on appeal, that under § 1441a(*l*)(3) removal must be to the United States District Court for the District of Columbia. According to Sonny's, only in cases "arising out of" the RTC's actions as receiver or conservator of a failed institution may the RTC remove to the federal district court where the institution's principal place of business is located. *See Piekarski v. Home Owners Savings Bank,* 743 F.Supp. 38, 41 (D.D.C.1990);

*Federal Savings and Loan Ins. Corp. v. Westgate Partners,* 726 F.Supp. 807, 809–10 (D.Colo.1989). Sonny's submits that this is not such a case, nor could it have been, given that the RTC did not exist when Delta filed this suit.

■ We do not decide this question. We conclude that this provision grants authority to remove and sets the venue of the removed case. The provision does not by its terms limit the grant of jurisdiction to the federal district courts over *any* "action, suit, or proceeding" in which the RTC is a party, presumably limited only to those cases which a United States District Court could exercise original jurisdiction. 12 U.S.C. 1441a(*l*)(1). Assuming that the RTC removed to a court of improper venue, Sonny's failed to assert a seasonable objection and thereby waived the defect. *See Hoffman v. Blaski,* 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960); *Weber v. Coney,* 642 F.2d 91, 93 (5th Cir. 1981).

*Panhandle Eastern Pipe Line Co. v. Federal Power Commission,* 324 U.S. 635, 639, 65 S.Ct. 821, 823, 89 L.Ed. 1241 (1944), is instructive on this point. In that case the Supreme Court addressed an allegation that a proceeding was brought in the wrong court under § 19(b) of the Natural Gas Act of 1938, which provided that a party aggrieved by an order of the Federal Power Commission may obtain review of such order "in the circuit court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia...." *Id.* at 638, 65 S.Ct. at 823. The Court concluded that this provision "goes to venue, not to jurisdiction." *Id.* Section 19(b) did not purport to limit the power of intermediate federal courts to review orders issued by the Commission; it merely specified, in the interest of convenience of the litigants, which courts should freely exercise that power and which should abstain in response to a timely objection. The Court concluded that, because their objection to the intermediate court's venue

"came too late," respondents' right to have the case heard in a court of proper venue was forever lost. *Id.*

*Panhandle Eastern* did not involve a removal statute; however, other courts have applied identical reasoning to address the issue whether removing to the wrong district court is procedural or jurisdictional error. In *Security Homestead Association v. Eitmann,* 1990 WL 124881, *4 (E.D. La.1990), a case arising in the same context as this case, the court held, "[T]he question of whether this case was removed to the wrong court under 12 U.S.C. § 1441a($l$)(3) is a question of venue, which may be waived if not timely asserted." *Cook v. Shell Chemical Co. (Shell Oil Co.),* 730 F.Supp. 1381, 1382 (M.D.La.1990).

■ Though the Eastern District of Louisiana may not have been the court of proper venue under § 1441a($l$)(3)—and this we expressly decline to determine—any such error would not deprive the court of its subject matter jurisdiction under § 1441a($l$)(1). Federal venue rules direct the district courts to "dismiss, or if it be in the interest of justice, transfer" cases over which they do not have proper venue. 28 U.S.C. § 1406(a). However, these rules further provide that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b). FIRREA imposes no time limit on motions to remand. In the absence of specific contrary provisions, we look to the general removal statute, 28 U.S.C. § 1447(c), which provides, "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal...." Sonny's moved to remand eight months after RTC removed. Sonny's waived its right to object.

The judgment is AFFIRMED as to Sonny's Old Land Corporation; the appeals of any unnamed defendants are hereby DISMISSED for lack of jurisdiction.