**In re TRAFFICWATCH, Debtor.**

**The CAMBRIDGE CO., INC., d/b/a Cambridge Sign, Plaintiff,**

v.

**Stephen COTTEN and Michael Cotten, d/b/a Trafficwatch.**

**Bankruptcy No. 92–40113.**
**Adv. No. 92–4013.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

March 27, 1992.

---

## MEMORANDUM OPINION DENYING MOTION TO REMAND

### C. HOUSTON ABEL, Chief Judge.

Trafficwatch, the debtor in this case, removed a state court proceeding to the wrong bankruptcy court, and the court must determine whether the removal to the wrong court raises a subject matter jurisdiction issue or a venue issue. One court of appeals issued a writ of mandamus to the bankruptcy court on the basis that the bankruptcy court lacked subject matter jurisdiction to hear a case that was removed to the wrong district. The Fifth Circuit, in contrast, has construed an analogous statute and held that the question is one of venue rather than subject matter jurisdiction. If the question is one of procedure, then it was raised after the thirty day remand period elapsed. Fifth Circuit precedent indicates the Fifth Circuit would issue a writ of mandamus if the court considered the procedural issue after the thirty day period.

As the court has been put in the uncomfortable position of choosing which form of a petition for writ of mandamus it would prefer, it has carefully reviewed the facts of this case and the relevant law. The court finds the Fifth Circuit interpretation of analogous removal statutes controls the interpretation of the bankruptcy removal statute. The court, therefore, declines to dismiss or remand the case on the basis that the case was removed to the improper district. By failing to raise the procedural defect within the thirty day time period, Carlisle Outdoor, Inc. has waived the defect. In accordance with the requirements of Bankruptcy Rule 7052(a), Fed.R.Bankr. Proc. 7052(a), made applicable to this matter through Bankruptcy Rule 9014, Fed. R.Bankr.Proc. 9014, the court has set forth its findings of fact and conclusions of law. Where appropriate, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact.

## JURISDICTION

■ This court has jurisdiction to determine its own jurisdiction. *United States v. United Mine Workers of Amer.*, 330 U.S. 258, 291–92, 67 S.Ct. 677, 694–95, 91 L.Ed. 884 (1947). The matter was referred to this court by the standing order of reference. 28 U.S.C. sec. 157(a). The removed case involves a turnover of property, so it is a core proceeding. 28 U.S.C. sec. 157(b)(2)(E).

## FINDINGS OF FACT

1. Trafficwatch ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 10, 1992. The petition was filed in the Eastern District of Texas.

2. At the time the Debtor filed the bankruptcy petition, it was involved in litigation with Carlisle Outdoor Co. ("Carlisle"), the successor in interest to the originally named parties. The litigation was pending in the state district court in Dallas, Texas. Although Dallas is located in the Northern District of Texas, the Debtor removed the case to the Eastern District of Texas on January 30, 1992.

3. After removal, there was no activity in the adversary case. The court, thus, held a status hearing on March 11, 1992.

4. When the court called the case, Carlisle orally objected to the improper removal, contending the court lacked subject matter jurisdiction to proceed.

## CONCLUSIONS OF LAW

■ 1. The statute governing removing of bankruptcy related matters provides,

[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court where such civil action is pending, if such district court has jurisdiction under section 1334 of this title.

28 U.S.C. sec. 1452.

2. Bankruptcy Rule 9027 governs removal of state matters to the bankruptcy court. Fed.R.Bankr.Proc. 9027. Like the statute, it specifies that removal must be to the district in which the case is pending. Fed.R.Bankr.Proc. 9027(a)(1).

3. Removal of bankruptcy cases to the improper district is a recurring problem. When removing a case, parties often err by removing to the district in which the bankruptcy case itself is pending. As noted by the Eleventh Circuit, it is logical that the court where the bankruptcy is pending should determine the removal issue because it is in the best position to determine what impact the removed case will have on the bankruptcy. *National Developers, Inc. v. CIBA–GEIGY Corp. (In re National Developers)*, 803 F.2d 616, 620 (11th Cir.1986). On the other hand, the original choice of forum should be respected. Congress balanced these competing concerns by specifying that the case shall be removed to the district in which the other litigation is pending. A motion to transfer venue to the district in which the bankruptcy case is pending then may be filed.

4. Bankruptcy Rule 9027(a)(2) limits the time for removal. Fed.R.Bankr.Proc. 9027(a)(2). If a court determines that removal to an improper district is a question of subject matter jurisdiction, then it will dismiss or remand the case. Of course, if parties resisting removal do not respond to removal but wait for a hearing to make their objection, then they ensure that the time for removal expires. Even if the objecting party promptly objects, it is likely that the removal time will expire before the court rules. After the district court determines it lacks jurisdiction, the matter briefly returns to the state court. If a party then attempts to remove the case properly, the opposing party invariably objects that removal is barred because removal did not occur within the required time period. Each of the courts involved is inconvenienced by this process, and procedure governs substance. The Fifth Circuit has noted that procedural defects should not be used as an excuse to bounce cases between federal and state courts. *Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 321–23 (5th Cir.1992). Of course, if the question is one of subject matter jurisdiction, then the case bouncing is the logical result of the statutory requirements.

5. In *National Developers, Inc. v. CIBA–GEIGY Corp. (In re National Developers)*, 803 F.2d 616 (11th Cir.1986), the Eleventh Circuit issued a writ of mandamus to the bankruptcy court, ordering it to remand an improperly removed case. Without explanation and without citation of authority, the court held that the bankruptcy court did not have subject matter jurisdiction to hear a case which was removed to the improper district. *National Developers*, 803 F.2d at 620.

6. In light of the precedent indicating the question is one of subject matter jurisdiction, the court has reviewed the statute which establishes jurisdiction in bankruptcy cases. Section 1334 specifies that district courts have original and exclusive jurisdiction over bankruptcy cases. 28 U.S.C. sec. 1334(a). When a bankruptcy case is pending, the district court also has concurrent jurisdiction with other courts to determine cases "arising in or related to" the bankruptcy case. 28 U.S.C. sec. 1334(b). Generally, the district court issues a standing order of reference which gives the bankruptcy court jurisdiction over bankruptcy cases. 28 U.S.C. sec. 157(a).

7. Removal jurisdiction may be broader or narrower than original jurisdiction. The two are not synonymous. Charles A. Wright, *Law of Federal Courts* sec. 38 & n. 33 (4th ed. 1983). One possible reading of the bankruptcy removal statute is that

only the district court where the removed case was pending can acquire subject matter jurisdiction. Apparently, the Eleventh Circuit read the statute this way.

8. That reading is not well reasoned. The removal statute expressly refers to section 1334, and that reference imposes a condition precedent on the removal. First, there must be a bankruptcy case, then courts acquire subject matter jurisdiction over cases "arising in or related to the bankruptcy proceeding." If this case had been properly removed to the Northern District of Texas, then the Northern District of Texas would derive its jurisdiction over the removed case through the bankruptcy case that is pending in this court. If no bankruptcy case were pending, then the case could not be removed.

9. The requirement that the removal be to the "district court in which the civil action is pending" has meaning. The language is a venue provision.

10. This reading of the statute is consistent with the reading the Fifth Circuit has given an analogous removal provision. For example, in *Resolution Trust Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128 (5th Cir.1991), the Resolution Trust Corporation removed a case to the federal district court where the institution had its principal place of business. *Sonny's Land*, 937 F.2d at 130. Sonny's Land objected, claiming that the RTC had to remove the case to the District of Colombia. *Sonny's Land*, 937 F.2d at 130. The Fifth Circuit responded, "[w]e conclude this provision grants authority to remove and sets the venue of the removed case. The provision does not by its terms limit the grant of jurisdiction to the federal district courts...." *Sonny's Land*, 937 F.2d at 130; *see also Cook v. Shell Chemical Co.*, 730 F.Supp. 1381, 1382 (M.D.La.1990) (construing 28 U.S.C. sec. 1441(a) in context of removal from state court to improper federal district court and concluding that removal requirement is venue related).

11. While jurisdiction establishes the court's power to adjudicate matters, venue relates to the location where the court will exercise that power. Wright, sec. 42.

Venue is procedural and thus waivable. *Sonny's Land*, 937 F.2d at 130.

12. When does the waiver of the procedural defect occur? Neither the bankruptcy removal statute nor the bankruptcy removal rule indicate how long the party opposing removal has to object to a procedural defect. *See* 28 U.S.C. sec. 1452; Fed. R.Bankr.Proc. 9027(d). When confronting this question in the context of the RTC removal statute, the Fifth Circuit explained that "in the absence of specific contrary provisions, we look to the general removal statute, 28 U.S.C. sec. 1447(c), which provides, 'A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal....'" 28 U.S.C. sec. 1447(c). As the bankruptcy removal provision does not contain specific contrary provisions, this court also has applied 28 U.S.C. sec. 1447(c). Carlisle's oral objection to the improper removal came after the thirty days had elapsed.

13. The Fifth Circuit recently held that courts lack the power to *sua sponte* raise procedural defects after the thirty days elapse. If this court raised the defect at this time, it would exceed its statutory authority and err as a matter of law. *Loyd*, 955 F.2d at 323. The procedural defect as grounds for remand, therefore, has been waived.

14. The court emphasizes that the sole issue decided in this opinion is that when cases are improperly removed to the wrong bankruptcy court, the court has subject matter jurisdiction. The removal to the wrong court creates a procedural defect which can be waived as grounds for remand. An order denying the oral motion to dismiss shall be issued simultaneously with this opinion.