In re S & K AIR POWER OF FLORIDA, INC., Debtor.

Robert FURR, Trustee, Plaintiff,

v.

BARNETT BANK OF MARION COUNTY, Defendant.

Bankruptcy No. 93–31894–BKC–SHF. Adv. No. 93–1088–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

April 11, 1994.

Robert C. Furr, Trustee, Boca Raton, FL, pro se.

Bryce W. Ackerman, Ocala, FL, for defendant.

### ORDER OF REMAND

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came on for hearing before this Court December 9, 1993, on Barnett Bank's Motion to Remand this action to the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida (the "Circuit Court"). Having considered the motion, the argument of counsel and for the reasons set forth below, the Court remands this action to the Circuit Court.

On April 30, 1993, the debtor, S & K Air Power of Florida, Inc., filed a Chapter 11 petition. On June 10, 1993, the case was converted from Chapter 11 to Chapter 7 and Robert Furr was appointed as Trustee. The Trustee removed this action from the Circuit Court to this Court on October 15, 1993. Finally, on November 18, 1993, Barnett moved for this Court to remand this action back to the Circuit Court.

Barnett contends that the Trustee removed this action to the wrong court and that the removal was untimely. Barnett also requests that if the Court finds that the removal was proper, that the Court abstain from hearing this action. The Trustee asserts that Barnett's Motion to Remand is untimely and that any procedural deficiency in the removal have been waived. Barnett disputes that its motion was untimely.

Barnett correctly points out that state court actions must be removed to the District Court for the district in which the case is pending. *In re National Developers, Inc.*, 803 F.2d 616 (11th Cir.1986); *In re Trafficwatch*, 138 B.R. 841 (Bankr.E.D.Tex. 1992). Pursuant to the reasoning in those cases, and the language of 28 U.S.C. § 1452, the Trustee should have removed this action to the District Court for the Middle District of Florida and then moved for a change of venue to the Southern District of Florida.

The court in *Trafficwatch* determined that Section 1452 was a venue provision, which may be waived if a party fails to timely object to the improper removal. *Trafficwatch*, 138 B.R. at 844. However, the Eleventh Circuit, in *National Developers*, apparently read the same language as a juris-

diction provision and determined that the court to which the state court action was improperly removed lacked jurisdiction over the removed action. *National Developers,* 803 F.2d at 620. This Court is bound by the decisions of the Eleventh Circuit. Unlike venue, jurisdiction may not be waived.

Further, pursuant to Federal Rule of Bankruptcy Proceeding 9027, a party may remove a case only within—

the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil case has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Only subsection (A) is applicable to the facts in this case. The Trustee removed this action more than 90 days after the order for relief was entered. Thus, the removal was untimely.

Because this action was untimely removed and was removed to the wrong district, this Court is without jurisdiction to hear this action. Therefore, this action must be remanded to the Circuit Court. Accordingly, it is

ORDERED AND ADJUDGED that Barnett's motion is granted and this matter is remanded to the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.