**Hugh M. CAPERTON, Harman Development Corporation, Harman Mining Corporation, and Sovereign Coal Sales Inc., Plaintiffs,**

**v.**

**A.T. MASSEY COAL COMPANY, INC., Elk Run Coal Company, Inc., Independence Coal Company, Inc., Marfork Coal Company, Inc., and Massey Coal Sales Company, Inc., Defendants.**

No. CIV. A. 2:00–0192.

United States District Court,
S.D. West Virginia.
Charleston Division.

Aug. 1, 2000.

---

Bruce A. Americus, David B. Fawcett, III, Anthony J. Guida, Jr., and Frank B. Harrington, Buchanan Ingersoll, Pittsburgh, PA, Robert V. Berthold, Jr., Berthold, Tiano & O'Dell, Charleston, for Plaintiff.

Jeff A. Woods, Penny R. Warren and Julie M. O'Daniel, Wyatt, Tarrant & Combs, Lexington, KY, Richard N. Farmer, Senior Attorney, Law Dept., Columbia Gas Transmission Corp., Charleston, WV, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

## I. INTRODUCTION

Pending are Plaintiffs' Motion to Remand and Defendants' Motion to Transfer Venue. Implicit in Plaintiffs' motion is also a Motion to Abstain, which if granted, also would support remand. For reasons that follow, Plaintiffs' Motion to Remand is **DENIED**; Plaintiffs' Motion to Abstain and Defendants' motion are **DENIED WITHOUT PREJUDICE**; and this action is **STAYED** pending the resolution of an adversary proceeding currently underway in the Bankruptcy Court for the Western District of Virginia.

## II. FACTUAL BACKGROUND

Plaintiffs are three corporations and an individual. Hugh Caperton, the individual, is President of each of the corporations. The corporations filed for Chapter Seven liquidation in the Bankruptcy Court for the Western District of Virginia.

After the bankruptcy proceeding commenced, Plaintiffs brought this action in the Circuit Court of Boone County, West Virginia. Their complaint alleges several causes of action against Defendants, including tortious interference with contract,

fraud, civil conspiracy, and negligent misrepresentation. The Trustee in bankruptcy was not included as a party. Notably, there is an adversary proceeding underway in the Bankruptcy Court to determine whether the claims are assets of the bankruptcy estate. (*See* Defs.' Responsive Mem. in Opp'n to Pls.' Mot. to Remand, App. 13.) Asserting *forum non conveniens*, Defendants moved to dismiss in state court.

Realizing their motions to dismiss in state court would not be resolved within the thirty days allowed to remove actions to federal court, *see* 28 U.S.C. § 1446(c)(1); Fed. R. Bankr.P. 9027(c)(1), Defendants moved for an enlargement of time from the Bankruptcy Court. The motion was granted. That court's Order granted Defendants thirty days from the date the state court resolved the pending motion to dismiss in which to remove. After nearly a year passed and the state court had yet to act, Defendants removed to this court. Accompanying the removal petition was a motion to transfer venue to the Western District of Virginia. Plaintiffs moved to remand seasonably.

### III. DISCUSSION

Plaintiffs argue remand is proper because (1) Defendants' removal was not timely; (2) the Court lacks subject matter jurisdiction over Plaintiff Caperton's claims against Defendants; and (3) the Court must abstain, or in the alternative, should exercise its discretion and abstain from asserting jurisdiction over this action. The Court **FINDS** and **CONCLUDES** removal was timely and it has subject matter jurisdiction over the action. However, the Court reserves decision on whether to abstain, and consequently remand to state court or, in the alternative, transfer this case to the Western District of Virginia.

### A. *Timeliness of Removal*

■ Plaintiffs first argue Defendants' removal was not timely. Their principal argument is the Bankruptcy Court did not

have the authority to extend the time for Defendants to remove to this Court. Section 1452 of Title Twenty–Eight permits removal of any claim or cause of action if the district court would have jurisdiction over the claim under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452. Section 1446(b) generally provides a thirty-day time limit for removal of all civil actions. *See* 28 U.S.C. § 1446(b). The thirty-day time limit is procedural and not jurisdictional. *See, e.g., Peterson v. BMI Refractories*, 124 F.3d 1386, 1391, 1394 (11th Cir.1997); *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir.1990); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980); *Rashid v. Schenck Const. Co., Inc.*, 843 F.Supp. 1081, 1086 (S.D.W.Va.1993); *Meyers–Arnold Co. v. Maryland Cas. Co.*, 248 F.Supp. 140 (D.S.C.1965).

The Bankruptcy Rules elaborate on the removal procedure for bankruptcy cases. *See generally Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660–61 (4th Cir. 1985). *Rule* 9027(a)(3), *Federal Rules of Bankruptcy Procedure*, has a thirty-day time limit for removal of actions filed after the bankruptcy proceeding has commenced. *See* Fed. R. Bankr.P. 9027(a)(3). Applicable to *Rule* 9027 is *Rule* 9006(b), which provides for enlargements of time. That rule states, in pertinent part, as follows:

**(b) Enlargement**

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be

done where the failure to act was the result of excusable neglect.

### (2) Enlargement not permitted

The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024. Fed. R. Bankr.P. 9006(b).

■ Considered *in pari materia* with *Rule* 9027, *Rule* 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code. *See Pacor Inc. v. Higgins*, 743 F.2d 984, 996 n. 17 (3rd Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *In re World Financial Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr.S.D.Cal.1987) ("Pursuant to Bankr.R. 9006(b), this court has the discretion to extend the filing period for an application for removal ....").

*Rule* 9027 and *Rule* 9006 are ambiguous as to which court a party must petition for an enlargement of time. *Compare* Fed. R. Bankr.P. 9006(b) *with* Fed. R. Bankr.P. 9027. Indeed, the entire process of removal for bankruptcy actions can be confusing when the state action is not pending in the district where the bankruptcy action is ongoing. *See generally* Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27 Cumb. L.Rev. 1037 (1996–1997); *see also, e.g., In re Trafficwatch*, 138 B.R. 841, 843 (Bankr. E.D.Tex.1992) ("Removal of bankruptcy cases to the improper district is a recurring problem. When removing a case, parties often err by removing to the district in which the bankruptcy case itself is pending."). Nevertheless, while it is clear that removal must be made to the federal district court located in the division where the state court sits, *see* 28 U.S.C. § 1446(a); Fed. R. Bankr.P. 9027(a)(1), the proper court to petition for enlargement of time is less clear. *See* Fed. R. Bankr.P. 9006(b) (referencing "court" without specification to bankruptcy or district court).

■ This Court believes the preferred practice would be to petition for an enlargement of time to the court where the actual removal will eventually occur. Thus, ideally Defendants should have moved this Court, rather than the Bankruptcy Court, for an enlargement of time. Nevertheless, it would be fundamentally unfair to allow Plaintiffs to defeat an otherwise proper removal on purely procedural grounds at this late date. *See Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 321–23 (5th Cir.1992) ("Congress concluded that procedural defects in removal should not be grounds for shuffling cases between state and federal courts after the first thirty days."); *In re Trafficwatch*, 138 B.R. 841, 843 (Bankr.E.D.Tex.1992). This is not a situation where Defendants untimely delayed removal. Defendants understandably relied on the Bankruptcy Court, which granted them additional time in which to remove. If indeed Defendants' removal is out of time, in fairness to Defendants and in the interest of comity, the Court is willing to equitably toll the procedural thirty-day time limit because of the unusual circumstances of this case. Accordingly, the Court **FINDS** and **CONCLUDES** Defendants' removal is timely.

### B. Subject Matter Jurisdiction over Caperton's Claims

■ Plaintiffs contend this Court lacks subject matter jurisdiction over Plaintiff Caperton's claims against Defendants. There is no dispute the corporate Plaintiffs' claims against Defendants are "related to" the bankruptcy proceeding, and therefore the Court has jurisdiction over those claims. But Caperton is not a party to the bankruptcy proceeding, and Plaintiffs assert the Court lacks jurisdiction over his third party claims. Facially, Caperton's claims appear derivative of the corporate Plaintiffs' claims, as the causes of action arose from business dealings among the corporate Plaintiffs and Defendants. *Compare MacArthur Co. v. Johns–*

*Manville Corp.,* 837 F.2d 89, 91–92 (2d Cir.1988) (finding individual plaintiff's contract claims to insurance proceeds were derivative of bankruptcy estate claims). Currently, an adversary proceeding is pending in the Bankruptcy Court to determine whether all Plaintiffs' claims are property of the bankruptcy estate. Clearly the Bankruptcy Court has jurisdiction to determine what assets are property of the bankruptcy estate. The Court **FINDS** and **CONCLUDES** it has jurisdiction over Caperton's third party claims because their proper resolution, at this stage of the proceedings, will affect the proper resolution of the bankruptcy estate. *See generally In re A.H. Robins Co., Inc.,* 880 F.2d 694, 701–02 (4th Cir.1989) (authorizing permanent injunction against non-debtor Plaintiffs which precluded claims against debtor's insurer).

### C. Abstention

■ Plaintiffs finally contend this Court must abstain from asserting jurisdiction over this action or, in the alternative, exercise its discretion to abstain. *See* 28 U.S.C. § 1334(c). The Bankruptcy Court is in the best position to determine whether the claims before this Court are actually assets of the bankruptcy estate. The Bankruptcy Court's determination may have a significant influence on the question of whether abstention, ultimately, will be appropriate. Accordingly, in the interest of judicial economy and comity, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to abstain and **STAYS** this action pending the Bankruptcy Court's determination of the ownership of the instant claims.

### IV. CONCLUSION

Because the Court finds Defendants' removal to be timely, and because the Court has subject matter jurisdiction over this action, Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs' Motion to Abstain and Defendants' Motion to Transfer Venue are **DENIED WITHOUT PREJUDICE,** and this action is **STAYED** pending resolution of the adversary proceeding in the Bankruptcy Court for the Western District of Virginia concerning the ownership of Plaintiffs' claims. In the interim, the Clerk is directed to retire this action to the inactive docket. The Court **DIRECTS** the parties to report to this Court within thirty days of the Bankruptcy Court's determination.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.