Hugh M. CAPERTON, Harman Development Corporation, Harman Mining Corporation, and Sovereign Coal Sales Inc., Plaintiffs,

v.

A.T. MASSEY COAL COMPANY, INC., Elk Run Coal Company, Inc., Independence Coal Company, Inc., Marfork Coal Company, Inc., Performance Coal Company, and Massey Coal Sales Company, Inc., Defendants.

No. Civ.A. 2:00–0192.

United States District Court, S.D. West Virginia. Charleston Division.

June 4, 2001.

Bruce A. Americus, David B. Fawcett, III, Anthony J. Guida, Jr., Frank B. Harrington, Buchanan Ingersoll, Pittsburgh, PA, Robert V. Berthold, Jr., Berthold, Tiano & O'Dell, Charleston, WV, Bruce E. Stanley, Reed, Smith, Shaw, & McClay, Pittsburgh, PA, for plaintiffs.

Jeff A. Woods, Penny R. Warren, Julie M. O'Daniel, Mary L. Fullington, Wyatt, Tarrant & Combs, Lexington, KY, Richard N. Farmer, Charleston, WV, for defendants.

### *MEMORANDUM OPINION AND REMAND ORDER*

HADEN, Chief Judge.

## I. INTRODUCTION

Pending are Plaintiffs' renewed motions for abstention and remand and Defendants' motion to transfer venue.[1] For reasons that follow, Plaintiffs' motions for abstention and remand are **GRANTED** and Defendants' motion to transfer venue is **DENIED** as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are three corporations ("corporate Plaintiffs") and an individual. Hugh Caperton, the individual, is President of each of the corporations. The corporations filed for Chapter 11 liquidation in the Bankruptcy Court for the Western District of Virginia.

After the bankruptcy proceeding commenced, the corporate Plaintiffs, as debtors in possession, and Caperton brought this action in the Circuit Court of Boone County, West Virginia on October 29, 1998. Their complaint alleges several causes of action against Defendants, including tortious interference with contract, fraud, civil conspiracy, and negligent misrepresentation. A year after its commencement, Defendants removed the action to this Court. At the same time, Defendant A.T. Massey filed adversary proceedings in each corporate Plaintiffs' bankruptcies, ostensibly to determine whether the Caperton's and Harman Development's claims were actually assets of the bankruptcy estates and whether Hugh Caperton was attempting to deprive the bankruptcy estates of those assets improperly.

After Defendants removed the action, Plaintiffs moved for remand or alternatively, for mandatory or permissive abstention. At that time, this Court elected to stay these proceedings pending resolution of the adversary proceedings filed in the Bankruptcy Court for the Western District of Virginia:

> The Bankruptcy Court is in the best position to determine whether the claims before this Court are actually assets of the bankruptcy estate. The Bankruptcy Court's determination may have a significant influence on the question of whether abstention, ultimately, will be appropriate. Accordingly, in the interest of judicial economy and comity, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to abstain and **STAYS** this action pending the Bankruptcy Court's determination of the ownership of the instant claims.

*Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 326 (S.D.W.Va.2000).

As set forth in its November 28, 2000 Joint Memorandum Opinion, the Bankruptcy Court attempted to respond to this Court's Memorandum Opinion and Order and determined the crucial question was

---

1. Also pending is Plaintiffs' motion to clarify the record. The Court **GRANTS** the motion and considers the information submitted therein.

whether Caperton and/or Harman Development have any independent causes of action under West Virginia law. The Bankruptcy Court then clarified what possible claims Caperton and Harman Development might have that are independent and non-derivative of the bankrupt estates' claims. It declined, however, to decide whether such claims have actual, legal validity under West Virginia state law. Instead, the Bankruptcy Court opined this question was better addressed by a West Virginia court, either state or federal, and abstained from deciding the questions presented by the declaratory judgment/adversary proceedings. Integral to its decision to abstain and dismiss the adversary proceedings, the Bankruptcy Court determined the claims of all parties, and defenses thereto, can be adjudicated satisfactorily in the West Virginia action. *A.T. Massey Coal Co., Inc. v. Harman Dev. Corp. (In re Harman Dev. Corp.),* No. 98–01990–WSB–11, Adv. No. 7–00–0057, Jt.Mem.Op. and Order at 8 (Bankr. W.D.Va. Nov. 28, 2000).

Plaintiffs now move to renew their motion to remand the action to the Circuit Court of Boone County based on the principles of mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable grounds under 28 U.S.C. § 1452(b). As set forth below, the Court **GRANTS** the motion to remand based on the mandatory abstention requirement of 28 U.S.C. § 1334(c)(2). In light of the decision to abstain, Defendant's motion for transfer of venue to the District Court of the Western District of Virginia is **DENIED** as moot, leaving the Circuit Court of Boone County to decide whether transfer of venue remains for determination.[2]

### III. DISCUSSION

■ United States Code Section 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Pursuant to Section 1334(c)(2), a federal court must abstain when the moving party demonstrates six elements have been met:

(1) The party must have filed a timely motion to abstain;

(2) The proceeding must be based on a state law claim;

(3) The proceeding must be non-core;

(4) No basis for federal court jurisdiction can exist other than § 1334;

(5) An action must have been commenced in state court; and

(6) The state court action can be timely adjudicated.

*In re Brown,* 1996 WL 757100 (Bankr. E.D.Va.1996).

■ There is no dispute elements one, two, four and five are met. Plaintiffs moved for abstention less than thirty days after Defendants removed the case to this Court. The claims are all based on state law, although the parties dispute which state law applies, Virginia or West Virginia. No other basis for jurisdiction exists outside of the "related to" jurisdiction con-

---

2. Plaintiffs contend the Circuit Court of Boone County previously decided the case should not be transferred to Virginia pursuant to the doctrine of *forum non conveniens.*

ferred to district courts under 28 U.S.C. § 1334(b). Finally, this action was commenced in state court by the debtors and Mr. Caperton, with the consent and approval of the Bankruptcy Court in Virginia.

█ As to element three, Defendants argue the claims at issue are core proceedings under 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate") or 28 U.S.C. § 157(b)(2)(0) ("other proceedings affecting the liquidation of the assets of the estate") because the claims, if successful, could increase the size of the corporate Plaintiffs' estates. Our Court of Appeals has specifically rejected this rationale in *In re Apex Exp. Corp.*, 190 F.3d 624 (4th Cir.1999), finding that such a liberal application of 28 U.S.C. § 157(b)(2)(A) and (0) would swallow the rule established by *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

█ The Court holds Plaintiffs' claims are non-core because: 1) the claims are not specifically identified as core proceedings under 28 U.S.C. § 157(b)(2); 2) the claims existed prior to the filing of the corporate Plaintiffs' bankruptcy petitions; 3) the claims are based solely on state law and therefore exist independent of the provisions of Chapter 11; and 4) the parties rights are not affected by the outcome of the bankruptcy proceedings. *See In re Seven Springs, Inc.*, 148 B.R. 815, 817 (Bankr.E.D.Va.1992) (citing *In re Marshall*, 118 B.R. 954, 963 (W.D.Mich.1990)).

█ The final element for this Court's consideration is whether the action can be timely adjudicated in state court. As Plaintiffs point out, the proper focus is the impact the litigation will have on final resolution of the bankruptcy case. *See In re Midgard Corp.*, 204 B.R. 764, 778 (10th Cir. BAP 1997) ("If bankruptcy case administration is the primary focus, the na-

ture of the bankruptcy case is the single most important factor to be considered. This is true because *timeliness is relative.*") (emphasis added). Plaintiffs argue timeliness is more important to reorganization cases than liquidation cases, like Plaintiffs' bankruptcy proceeding here. *See id.* at 779 ("[I]n a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant.") Plaintiffs claim the debtors will be liquidated without regard to the state action, and therefore abstention is appropriate. The Court finds the Plaintiffs' arguments persuasive. While it is true the Circuit Court of Boone County took over a year to resolve the Defendants' motion to dismiss, there is no evidence that the time the Circuit of Boone County needs to resolve the action will have an adverse impact on the bankruptcy estates. Further, because the Boone County Circuit Court apparently has resolved Defendants' Rule 12(b) motions, the Court sees no reason why the case will not progress in a timely fashion.

## IV. CONCLUSION

As set forth above, all the elements for mandatory abstention are satisfied and therefore, Plaintiffs' motions for abstention and remand are **GRANTED** and Defendants' motion for transfer of venue is **DENIED** as moot. This action is **REMANDED** to the Circuit Court of Boone County, West Virginia for all further proceedings.

The Clerk is directed to send a copy of this Order to counsel of record, send a certified copy to the Clerk of Court for the Circuit Court of Boone County, and to publish it on the Court's website at http://www.wvsd.uscourts.gov.