**Roger Dale WILLIAMS and Cynthia Williams, Plaintiffs,**

v.

**James CHISM, M.D., Women's Clinic of New Albany, and Baptist Memorial Hospital–Union County, Defendants.**

No. 3:93CV78–S–D.

United States District Court
N.D. Mississippi, W.D.

March 10, 1994.

---

John H. Cocke and Cynthia I. Mitchell, Merkel & Cocke, Clarksdale, MS, for plaintiffs.

Robert D. Upchurch, Holland, Ray & Upchurch, Tupelo, MS, for defendants Women's Clinic of New Albany and James Chism, M.D.

Thomas T. Dunbar, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, MS, for defendant Baptist Hosp.–Union County.

## OPINION

SENTER, Chief Judge.

This medical malpractice action was filed in May, 1993, approximately ninety days after plaintiff Roger Dale Williams[1] filed for Chapter 7 protection in the United States Bankruptcy Court for the Northern District of Mississippi. Jurisdiction is predicated solely on 28 U.S.C. § 1334(b), which provides that the "district courts shall have original, but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Presently at issue are whether this court has jurisdiction over this case and if so, whether that jurisdiction should be exercised. These matters are raised via the motions of defendant Baptist Memorial for abstention and of defendants Chism and Women's Clinic for dismissal or, in the alternative, abstention. Defendants have also requested oral argument, which the court believes is unnecessary for a resolution of these motions.

## DISCUSSION

■ The request for dismissal based on lack of subject matter jurisdiction is easily disposed of. As noted previously, 28 U.S.C. § 1334(b) grants this court concurrent jurisdiction with state courts over any proceeding related to a bankruptcy. *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987). In determining its authority to hear this cause, the court looks to whether the outcome of this cause could conceivably have any effect on the bankruptcy estate. *Wood,* 825 F.2d at 93. Despite the vehement protestations of Chism and Women's Clinic to the contrary, it is clear from a perusal of the amended bankruptcy schedules that a recovery in this action could greatly enrich the bankruptcy estate.[2] As this action could conceivably have an impact on the bankruptcy proceeding, it is properly before the court. The question thus becomes whether this court should exercise that jurisdiction, or whether under 28 U.S.C. § 1334(c)(1), it should abstain from hearing this cause "in the interest of justice, or in the interest of comity with State courts or respect for State law...."

■ The United States Court of Appeals for the Fifth Circuit has recognized that the "abstention provisions of [section 1334(c)(1)] demonstrate the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular context." *Wood,* 825 F.2d at 93. Although the Fifth Circuit has not specifically addressed the factors which this court should consider in determining the appropriateness of abstention in this context, it has noted that § 1334(c)(1) " 'summarizes and incorporates federal non-bankruptcy abstention doctrines.'" *Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 833 (5th Cir.) (citation omitted), *cert. denied,* —— U.S. ——, 113 S.Ct. 2963, 125 L.Ed.2d 663 (1993). Toward that end, numerous courts have adopted a twelve-factor test:

(1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

---

1. Roger Dale Williams and Cynthia Williams were divorced in January, 1993, before the bankruptcy petition was filed.

2. By separate order entered this date, the court has affirmed the bankruptcy court's order overruling Chism's objection to Mr. Williams's amendment of schedules.

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in a state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the district court's docket;

(10) the likelihood that the commencement of the proceeding in the district court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*In re Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir.1993). *See In re Eastport Associates*, 935 F.2d 1071, 1075–76 (9th Cir.1991); *In re Richmond Tank Car Co.*, 119 B.R. 124, 126 (S.D.Tex. 1989); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D.La.1990). *See also Searcy v. Knostman*, 155 B.R. 699, 710 (S.D.Miss.1993) (including two additional factors—comity and possibility of prejudice to other parties in action). "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *In re Chicago*, 6 F.3d at 1189.

Applying these factors to the case at hand, the court is of the opinion that abstention is appropriate. First, although resolution of this case would significantly affect the value of the bankruptcy estate, it would not affect the administration of that estate. In fact, the trustee is aware of the malpractice claims and specifically offers no opposition to these matters being heard in state court. Second, the only issues presented in this action involve questions of Mississippi state law. Third, without the bankruptcy proceeding, jurisdiction would not otherwise exist in this court, as the parties are not diverse and no federal question is involved. Fourth, the noncore status of this proceeding weighs in favor of abstention, for this matter can certainly exist outside the context of the bankruptcy case, and there is no close nexus between the bankruptcy proceedings and the malpractice claims. *Cf. In re Howe*, 913 F.2d 1138, 1143 (5th Cir.1990) (lender liability action against chief creditors had close nexus with bankruptcy proceedings). Fifth, the court suspects that plaintiffs have engaged in forum shopping. This suspicion is based in part on the timing of the two filings, for, as noted previously, without the bankruptcy case,[3] this court would be without jurisdiction to entertain the instant claims. And finally, only one of the instant defendants is listed as a creditor in the bankruptcy proceeding.

In conclusion, the court notes that nothing in the record suggests that this action cannot be timely litigated in the Mississippi courts. Discovery is almost complete, and that process will go far toward advancing a final decision in the state tribunal and will certainly not be wasted. Therefore, in the language of § 1334(c)(1), permissive abstention is warranted "in the interest of justice, or in the interest of comity with [the Mississippi] courts or respect for [Mississippi] law. . . ."

An appropriate order shall issue.

### ORDER RELATED TO MOTIONS FOR ABSTENTION

Pursuant to an opinion filed contemporaneously herewith, it is ORDERED:

That the motion of defendant Baptist Memorial Hospital–Union County for oral argument, which was joined by defendants James

---

3. In the schedules attached to the original petition, Mr. Williams noted that he would soon be filing a malpractice suit against Chism.

Chism, M.D., and Women's Clinic of New Albany, is denied;

That the motion of Baptist Memorial for abstention is granted;

That the motion of Chism, joined by Women's Clinic, for dismissal or, in the alternative, for abstention is denied in part and granted in part;

That the court abstains from entertaining the present case, and the complaint is therefore dismissed without prejudice.

SO ORDERED.