Tommy TWYMAN; et al., Plaintiffs,

v.

WEDLO, INC. d/b/a Lorch; Wedlo Finance, Inc.; et al., Defendants.

Chris CHAPPELL, Plaintiff,

v.

WEDLO, INC. d/b/a Lorch; Voyager Life Insurance Company; and Voyager Guaranty Insurance Company, Defendants.

Wes CHAPPELL, Plaintiff,

v.

LORCH (DIVISION OF WEDLO, INC.); and Union Security Life Insurance Company, Defendants.

Adversary Nos. 96–00063, 96–00099 and 96–00116.

United States Bankruptcy Court, N.D. Alabama, Southern Division.

Nov. 4, 1996.

Lloyd Gathings, Birmingham, AL, for Plaintiffs Tommy Twyman and Dan Hall.

Donald Wright and Stephen Porterfield, Birmingham, AL, for Defendant Wedlo, Inc. d/b/a Lorch and Wedlo Finance, Inc.

Christopher Gruenewalde, Mobile, AL, for Defendants American Security Insurance Company; Standard Guaranty Insurance Company; and Union Security Life Insurance Company.

Michael Bell and Robin Graves, Birmingham, AL, for Defendants Heller Financial, Inc. and Heller International, Inc.

Garve Ivey, Jr., Jasper, AL, for Plaintiff Chris Chappell.

Donald Wright and Stephen Porterfield, Birmingham, AL, for Defendant Wedlo, Inc. d/b/a Lorch.

Michael Bell and Melody Hurdle, Birmingham, AL, for Defendants Voyager Life Insurance Company and Voyager Guaranty Insurance Company.

Garve Ivey, Jr., Jasper, AL, for Plaintiff Wes Chappell.

Donald Wright and Stephen Porterfield, Birmingham, AL, for Defendant Wedlo, Inc. d/b/a Lorch.

Christopher Gruenewalde, Mobile, AL, for Defendant Union Security Life Insurance Company.

Frederick Garfield, Birmingham, AL, for Plaintiff–Debtor.

Debra Bennett Winston, Birmingham, AL, for Defendant.

Marylee Abele, Birmingham, AL, for Debtor.

John Frawley, Jr., Birmingham, AL, for Claimant.

Steven C.R. Brown, Birmingham, AL, for Debtor.

Harold Goings, Birmingham, AL, for Movants.

## MEMORANDUM OPINION ON MATTERS PENDING IN THE ADVERSARY PROCEEDINGS

BENJAMIN COHEN, Bankruptcy Judge.

■ The matters in the three adversary proceedings pending before this Court are related to the three Chapter 11 bankruptcy cases of Wedlo Holdings, Inc., Case No. 96–B–2698; Wedlo Finance, Inc., Case No. 96–B–2701; and Wedlo, Inc., Case No. 96–B–2702 pending in the United States Bankruptcy Court for the Northern District of Illinois. At the time the bankruptcy cases were filed, the three adversary proceedings were pending in State of Alabama circuit courts.[1] After the bankruptcy cases were filed one or more of the defendants removed the three proceedings to this Court pursuant to 28 U.S.C. § 1452.[2] The plaintiffs sought to

---

1. All three bankruptcy cases were filed on February 2, 1996. *Twyman, et al. v. Wedlo, Inc., d/b/a/ Lorch, et al.* was filed in the state circuit court of Jefferson County, Alabama on June 6, 1994 as CV–94–04107. The current defendants are Wedlo, Inc. d/b/a Lorch; Wedlo Finance, Inc.; American Security Insurance Company; Standard Guaranty Insurance Company; Union Security Life Insurance Company; Heller Financial, Inc.; and Heller International, Inc. *Chris Chappell v. Wedlo, Inc. d/b/a/ Lorch, et al.* was filed in the state circuit court of Walker County, Alabama on January 26, 1996 as CV–96–104. The current defendants are Wedlo, Inc. d/b/a Lorch; Voyager Life Insurance Co.; and Voyager Guaranty Insurance Company. *Wes Chappell v. Wedlo, Inc. d/b/a/ Lorch, et al.* was filed in the state circuit court of Walker County, Alabama on January 11,

1996 as CV–96–22. The current defendants are Wedlo, Inc. d/b/a Lorch; and Union Security Life Insurance Company.

2. Section 1452 allows a party to remove a civil cause of action *"to the district court for the district where such civil action is pending."* 28 U.S.C. § 1452 (emphasis added). Consequently removal of the actions was restricted to the district court or bankruptcy court for the Northern District of Alabama, the district where the civil actions were pending. The *Twyman* action was pending in a county within the Southern Division of this Court. The *Wes Chappell* and *Chris Chappell* matters were not. The *Chappell* cases were pending in a Western Division County. However, no interested party has attacked this Court's authority to hear the *Chappell* matters.

have all of the matters remanded to the state circuit courts. The defendants opposed remand and anticipated that this Court would serve only as a conduit for the removal and transfer of the state court matters from the county circuit courts to the Northern District of Illinois bankruptcy court, and that the Illinois court would then decide all matters including whether the defendants' removal of the actions was proper and if so whether the proceedings should be remanded to the state circuit courts.[3] The plaintiffs disagreed with the defendants' contention that this Court's role was ministerial only and argued that this Court had the authority to decide the issues associated with removal, remand and abstention. For the reasons expressed below this Court agrees with the plaintiffs. This Court has the authority to decide all matters pending before it in these three proceedings, and, pursuant to that authority, this Court finds that all three proceedings should be remanded to the state circuit courts in which the civil actions were originally filed, whether those proceedings are to be completed by way of settlement or trial.[4]

**3.** See *National Developers, Inc., v. Ciba–Geigy Corp. (In re National Developers, Inc.)* 803 F.2d 616 (11th Cir.1986) where the court held that removal under 28 U.S.C. § 1478 (the precursor to section 1452) required a party to first remove the action to the bankruptcy court for the district in which the action was pending and then ask that court to transfer the matter to the bankruptcy court conducting the main proceedings. The court held that if the matter was removed directly to the bankruptcy court conducting the main proceedings then that court had no jurisdiction to hear the removed matter.

**4.** This Court is aware, as was the court in *General Instrument Corp. v. Financial and Bus. Servs., Inc. (In re Finley),* 62 B.R. 361, 365 (Bankr. N.D.Ga.1986) that, "some opinions have concluded that the bankruptcy court may not enter final dispositive orders concerning an application for removal and motions to remand, abstain, or transfer." But the law remains that pursuant to 28 U.S.C. § 157(b)(1) a bankruptcy court has complete authority to hear, adjudicate and make final determinations of all core matters pending before the court. And while a bankruptcy court may ultimately determine that a civil action is itself a non-core matter, the determinations of whether the removal of that action was proper, whether the bankruptcy court should abstain in the matter or whether the matter should be remanded to the state court, are themselves core matters. This Court concludes, as did the court in *Finley* that, "the issues of removal, remand, abstention, or transfer are 'proceedings' within

## I. Procedure

There are numerous matters pending before this Court. These are:

**In *Tommy Twyman,* A.P. No.: 96–00063**

1. Debtor–Defendants' *Notice of Removal;*

2. Debtor–Defendants' *Motion to Transfer;*

3. *Plaintiff's Motion to Remand or, In the Alternative, to Sever and Remand;* and

4. *Joint Stipulation for Remand* (filed by Plaintiffs and Defendants, Wedlo, Inc.; Wedlo Holdings, Inc.; and Wedlo Finance, Inc. and Defendants, Heller Financial, Inc.; and Heller International Corporation).

**In *Chris Chappell,* A.P. No.: 96–00099**

1. Voyager Life Insurance Company's and Guaranty Insurance Company's *Notice of Removal;*

2. Voyager Life Insurance Company's and Guaranty Insurance Company's *Motion to Transfer;* [5]

the meaning of Section 157(a)." *Id. See also Storage Equities, Inc. v. Delisle,* 91 B.R. 616, 619 (N.D.Ga.1988) ("Though the authorities are split, the majority of courts considering the issue have likewise found motions to transfer under 28 U.S.C. § 1412 to be core matters concerning the administration of the estate.") (citing *F/S Airlease II, Inc. v. Aerothrust Corp. (In re F/S Airlease II, Inc.),* 67 B.R. 428 (Bankr.W.D.Pa.1986)); *In re Ofia Realty Corp.,* 74 B.R. 574 (Bankr.S.D.N.Y. 1987); *In re 19101 Corp.,* 74 B.R. 34 (Bankr. D.R.I.1987); *In re Waits,* 70 B.R. 591 (Bankr. S.D.N.Y.1987); *Burlingame v. Whilden (In re Whilden),* 67 B.R. 40 (Bankr.M.D.Fla.1986); *McLemore v. Thomasson (In re Thomasson),* 60 B.R. 629 (Bankr.M.D.Tenn.1986); *In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715 (Bankr. D.Conn.1986); *In re Leonard,* 55 B.R. 106 (Bankr.D.D.C.1985).

**5.** In an *Order* entered on August 12, 1996 (Proceeding No. 14 in A.P. No. 96–00099) this Court ordered, by consent of the affected parties, that "plaintiff's claims against defendants Voyager Life Insurance Company and Voyager Guaranty Insurance Company are hereby severed from plaintiff's claims against defendant Wedlo, Inc., and plaintiff's claims against defendants Voyager Life Insurance Company and Voyager Guaranty Insurance Company are remanded to the Circuit Court of Walker County, Alabama." Consequently, Voyager Life Insurance Company and Voyager Guaranty Insurance Company are no longer parties to these proceedings. Because the

3. Plaintiff's *Motion to Remand or, Alternatively to Sever and Remand* (only as to Wedlo, Inc. d/b/a Lorch); and

4. Plaintiff's *Motion to Stay Enforcement of Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.*

**In *Wes Chappell*, A.P. No.: 96–00116**

1. Union Security Life Insurance Company's *Notice of Removal;*

2. Union Security Life Insurance Company's *Motion to Transfer;*

3. Plaintiff's *Motion to Stay Enforcement of Federal Rules of Civil Procedure;* and

4. Plaintiff's *Motion to Remand or, Alternatively to Sever and Remand.*

The procedural posture of these matters has changed considerably since the civil actions were removed to this Court. As noted above, the Voyager companies are no longer interested parties. In addition, at the time of removal all defendants were aligned in opposition to the plaintiffs' motions to remand. Since the removal of the actions the plaintiffs in *Twyman* and many of the defendants in *Twyman* have agreed that the removed civil actions should be remanded to the state court in order for that court to consider a settlement proposal entered into by those plaintiffs and the agreeing defendants. Those parties filed the above-mentioned *Joint Motion for Remand.*[6] One group of defendants opposes the motion and consistently opposes the remand of any of these matters to the state courts. Those defendants continue to support the transfer of all matters to the Illinois bankruptcy court for a determination of all issues.

For purposes of reference, this Court recognizes, as have the parties, three groups of defendants. These are one, the debtors, that is the Wedlo corporations and affiliates; two, the corporations financing the debtors' business operations, that is Heller Financial, Inc.

and others; and, three, the insurance companies insuring the debtors' business operations, that is Union Security Life Insurance Company and others.

The debtor-defendants and the financial-defendants have agreed with the plaintiffs to remand the civil actions to the state courts. The insurance-defendants have not. Those defendants now ask this Court to address all matters pending before it and to make specific rulings on each of those matters.

## II. Facts

*Twyman, et al. v. Wedlo, Inc. d/b/a/ Lorch, et al.* was filed in the state circuit court of Jefferson County, Alabama on June 6, 1994 as CV–94–04107. The current defendants are Wedlo, Inc. d/b/a Lorch; Wedlo Finance, Inc.; American Security Insurance Company; Standard Guaranty Insurance Company; Union Security Life Insurance Company; Heller Financial, Inc.; and Heller International, Inc. *Chris Chappell v. Wedlo, Inc. d/b/a/ Lorch, et al.* was filed in the state circuit court for Walker County, Alabama on January 26, 1996 as CV–96–104. The defendants are Wedlo, Inc. d/b/a Lorch; Voyager Life Insurance Co.; and Voyager Guaranty Insurance Company. *Wes Chappell v. Wedlo, Inc., d/b/a/ Lorch, et al.* was filed in the state circuit court for Walker County, Alabama on January 11, 1996 as CV–96–22. The defendants are Wedlo, Inc. d/b/a Lorch; and Union Security Life Insurance Company.

Wedlo Holdings, Inc. is the parent company of the two debtor-defendants Wedlo, Inc. and Wedlo Finance, Inc. Wedlo Holdings' only assets are its stock interests in its subsidiaries, or in itself. Wedlo Holdings is a Delaware corporation, while the subsidiaries are Alabama corporations with principal offices in Alabama. Wedlo, Inc. operates retail jewelry stores and Wedlo Finance, Inc. manages the accounts receivables. The bankruptcy petitions filed for all three were, as a procedural matter, filed in the Northern Dis-

---

debtor-defendants did not file notices of removal or motions to transfer in this specific adversary proceeding, as a technical matter there are no parties left to prosecute Voyager's action; however, the Court recognizes the practical problems such a finding would cause and will continue to consider the *Chris Chappell* proceedings along with the other two.

**6.** No such motion has been filed in the *Chappell* cases; however, as a practical matter, a settlement in *Twyman* involving the debtor-defendants should dispose of the claims in the *Chappell* cases, that is at least as to those defendants.

trict of Illinois because Wedlo Holdings, Inc. is the parent company of the other two and because Wedlo Holdings, Inc.'s "stock certificates for Wedlo and Holdings were located in the Northern District of Illinois for the entire 180 day period prior to bankruptcy." *Wedlo's Response to Opposition to Motion to Transfer,* April 9, 1996 (Proceeding No. 14).[7]

In reviewing the state court material that has been refiled with this Court as exhibits, the Court must conclude that significant time has been spent by the parties in the *Twyman* case and that the *Twyman* case is clearly the dominant case. The state court has certified a class of plaintiffs; consequently, *Twyman* will remain the dominant case. The agreement among the *Twyman* plaintiffs and the debtor-defendants and the financial-defendants to settle their differences through a state court settlement bolsters that conclusion. While that agreement is not proposed in the other proceedings before this Court, a reasonable conclusion may be drawn that *all* plaintiffs and the agreeing defendants will be included in whatever settlement is reached.

All of the asserted causes of action in all three cases are based on state law. These actions are similar to many considered within the State of Alabama. Many are generally based on *McCullar v. Universal Underwriters Life Ins. Co.,* 1995 WL 577025 (Ala. Sept. 25, 1995) an unreleased opinion of the Supreme Court of Alabama regarding the selling of credit life insurance, but all are related in some sense. See *Coleman v. First Family Fin. Servs, Inc. (In re Coleman),* 200 B.R. 403 (Bankr.S.D.Ala.1996) (Southern District of Alabama); *Vail v. Life Ins. Co. of Alabama and Merchants & Farmers Bank (In re Vail),* Case No. 94–70220–BGC–13 (Bankr. N.D.Ala., July 18, 1996) *aff'd sub nom. Mer-*

*chants & Farmers Bank v. Vail,* CV 96–C–2111–W, (N.D.Ala., September 16, 1996) (Southern Division of the Northern District of Alabama) *appeal filed* October 8, 1996; *Wilson v. Alfa (In re Wilson),* Adv.Pro. No. 96–70520, (Bankr.N.D.Ala., September 27, 1996) (Western Division of the Northern District of Alabama); *Thomas v. Lorch, et al.,* Adv.Pro. No. 96–00038–APG (Bankr. M.D.Ala., March 6, 1996) (Middle District of Alabama).

### III. Motions to Transfer

While the threshold question in most removed civil actions is whether removal was proper, that issue is preempted here by motions to transfer and the issue of whether this Court may decide the matters pending before it or whether those matters should be transferred to the bankruptcy court for the Northern District of Illinois. For the reasons expressed below this Court finds that it has authority to decide all matters and that the motions to transfer are due to be denied.[8]

 The Court of Appeals for the Eleventh Circuit has recognized the procedural requirement in 28 U.S.C. § 1452 that civil matters may not be removed interdistrict. That court, however, has not considered the substantive transfer issue pending before this Court.[9] On the other hand, the United States District Court for the Northern District of Alabama has addressed that issue and this Court follows the holding of that court and adopts its reasoning in finding that the motions to transfer pending in the instant case should be denied. In *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997 (N.D.Ala.1986) a state court proceeding, that was directly related to a pending Texas

---

7. There does not appear to be any other basis for filing the petitions in the Northern District of Illinois. Wedlo Holdings has no assets and no business other than that of its subsidiaries. The offices and business of the subsidiaries appears to be principally, if not entirely, in Alabama. A motion to transfer the bankruptcy cases to the Northern District of Alabama was filed in the Illinois court but as represented to this Court by counsel for the *Twyman* plaintiffs, that motion was, or will be, withdrawn as part of the settlement with the non-insurance defendants.

8. See note 4 above. Because this Court finds that the motions to transfer should be denied,

this Court may address the remaining issues of whether the "removal" was proper; if it was, whether this Court should abstain from hearing the matters; should remand the matters; or should retain the matters. See this Court's opinion in *St. Vincent's Hospital v. Norrell (In re Norrell),* 198 B.R. 987, 992 (Bankr.N.D.Ala. 1996).

9. See *National Developers, Inc. v. Ciba–Geigy Corp. (In re National Developers, Inc.),* 803 F.2d 616 (11th Cir.1986) where the court accepts the practice but questions its practicality.

bankruptcy case, was removed to the federal court. Rather than transfer the case automatically to the Texas court, the district court considered the impact on the local proceeding. Writing for the district court, Judge Robert B. Propst stated:

> Factors that should be considered in deciding whether to transfer a case are the convenience of witnesses, the parties' access to proof, the ability to receive a fair trial, and judicial efficiency. See *In re Legend Industries, Inc.*, 49 B.R. 935, 938 (Bankr.E.D.N.Y.1985). See also, *In re Butcher*, 46 B.R. 109, 112 (Bankr.N.D.Ga. 1985) ("The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate."). Also, the burden of proving appropriateness of transfer of venue of a bankruptcy case is on the party moving for the transfer. Id.

*Id.* at 1000.

The defendants' motions to transfer are the mechanisms that place the issue of whether this Court or the Illinois court is the better court to decide the issues associated with removal, abstention and remand. The *Thomasson* factors are the criteria this Court has considered in making that determination. If the factors weigh in favor of transfer then this Court must conclude that the Illinois court is the better to decide the remaining issues.[10] If the factors weigh against transfer, then it is this Court that should decide those issues, including the questions of the effect of the parties' proposed settlement.[11]

### A. Convenience of Witnesses, Access to Proof and Ability to Receive a Fair Trial

The insurance-defendants recognize, as have others, that the most important factor to consider in addressing the transfer question is judicial efficiency.[12] As to the other factors, in this Court's view, the insurance-defendants concede. As Judge Propst recognized in *Thomasson* the burden of proof on a motion to transfer is on the movant. In the instant case the insurance-defendants did not prove that the Illinois court is the better court. In consideration of the lesser factors, these defendants seem to accept that neither forum is better than the other. They write:

> The Hoffman Affidavit establishes that the Northern District of Alabama would be no more convenient for the Insurance Company Defendants' witnesses than the Northern District of Illinois, since they will travel by airplane in any event. In addition, since none of the Insurance Company Defendants has offices in Birmingham, access to any evidence in their possession would be no easier if this action were in the Northern District of Alabama than it would be if it were in the Northern District of Illinois. The Insurance Company Defendants also believe that they will be able to receive as fair a trial in the Bankruptcy Court in the Northern District of Illinois as they would in this Court or Jefferson County Circuit Court.

Brief of Defendants at 5, April 9, 1996 date (Proceeding No. 9 in A.P. No. 96–00063).

---

**10.** The insurance defendants have argued strongly that the "home" bankruptcy court, that is the court administering a main bankruptcy case, should decide all issues associated with a bankruptcy case as that court is in the best position to make determinations based on all that has occurred in the main bankruptcy case. This argument is logical and has been accepted by many courts as the defendants cite in their materials filed with this Court. This Court, while it may not be bound by the *Thomasson* decision from this district, agrees with *Thomasson* and recognizes that there are situations where certain factors should be considered outside of a main bankruptcy case. The instant case is an excellent example of one of those situations, as was *Thomasson*. The debtors' tenuous connection with the Northern District of Illinois is the most glaring. But for a technical compliance, if there is even that compliance, a corporation holding stock cer-

tificates in a district is a thin string to secure a bankruptcy filing.

**11.** The Court has not seen the agreement but the parties represented that the agreement provides that if the state court does not accept the proposed settlement that the parties will return to this court (or the Illinois court) to resolve their differences. This Court assumes that the *Chappell* plaintiffs agree with this or at least do not oppose, the proposed settlement. There are no defendants in the *Chappell* bankruptcy adversary proceedings, other than the insurance-defendants, that have not agreed to the settlement.

**12.** Of course the insurance-defendants do not recognize that this Court should address the transfer issue at all but agree that if the issue is considered, certain factors are relevant.

## B. Judicial Efficiency

### (1) With A Settlement

 But for the debtors', and others', concessions that the motions to transfer should be denied and the motions to remand granted, this Court would be required to consider a detailed array of facts; however given the concessions, the dominant fact is that an overwhelming part of the matters involved in the proceedings before this Court will be resolved if the proposed settlement is consummated. Judicial efficiency based on this fact alone weighs in favor of the plaintiffs.[13] Judicial efficiency not only relates to the efficiency with which bankruptcy courts are able to process matters but also relates to the efficiency with which parties are able to resolve their differences. Should this Court deny the debtors the opportunity to severely limit its cost of litigation and potential liability by denying it the opportunity to settle its differences with its major adversaries? Certainly not. Should this Court deny the plaintiffs their opportunities to realize recoveries from their major adversaries in a relatively painless proceeding? Certainly not. Whatever "efficiency" problems exist between the plaintiffs and the insurance-defendants can in no way overshadow the advantages gained through a settlement between the plaintiffs and the non-insurance defendants.[14]

As stated above, the matters before this Court come from two different state courts. The *Twyman* matter was filed in Jefferson County, Alabama and the *Chappell* matters were filed in Walker County, Alabama. Without question however, the *Twyman* action is the dominant action. The pleadings before this Court filed in the *Chappell* matters mirror the *Twyman* pleadings. The *Twyman* counsel have been the lead counsel and clearly have directed these matters. The *Twyman* case was filed 19 months before the *Chappell* cases. On December 12, 1995 the state court in *Twyman* entered orders certifying a class of plaintiffs against many of the defendants including the insur-

ance-defendants. This Court must conclude that the disposition of the Jefferson County case, if either a settlement is entered or if a trial is required, will dispose of the Walker County cases. If the settlement reached by the *Twyman* plaintiffs and the debtor-defendants and the financial-defendants is consummated, the majority of that matter will be resolved and the only issues that remain will be those associated with the insurance-defendants. Accepting the premise that state courts should decide state law matters, once the state court matters are resolved, the benefit to the bankruptcy court is enormous. Even if the bankruptcy court is required to specifically address the contentions of the insurance-defendants, all other matters associated with the cases will be liquidated and that court's administration of the then liquidated claims will be ministerial only. The ends of both justice and convenience will be served.

### (2) Without A Settlement

But even if the majority of these matters were not to be settled and were to be tried in the Alabama state courts, because the plaintiffs' causes of action are based solely on Alabama law, Alabama courts, whether state or federal, would be in a better position to interpret and to apply that law than would the Illinois bankruptcy court. The *Twyman* proceeding, the clearly dominant proceeding, was filed in an Alabama state circuit court on June 6, 1994, and was administered by that court until February 8, 1996. That court would unquestionably be the most efficient in administering these matters to conclusion. In addition, a class of plaintiffs has already been certified, a significant task in any case of this type. Jury trials have been requested in the state courts. And while such trials are technically available under certain circumstances in bankruptcy courts, no one can argue, given the bankruptcy court's limited experience in such matters, that a state court where thousands of jury trials have been held, would not be the most efficient place for such a proceeding.

---

**13.** Whether this Court has jurisdiction over a non-debtor defendant, where the debtor-defendant in essence withdraws from litigation that allowed the non-debtor defendant to participate in the first place, is a serious question unanswered in this litigation.

**14.** Even if the insurance-defendants claims are tried in state court, or litigated as claims in the Illinois Bankruptcy Court, for a *bankruptcy* court to find that a proceeding that determines the majority of issues for a *bankrupt* debtor is not efficient, would in itself be inefficient.

For the above reasons; and for the factual determinations this Court explains below in association with abstention and remand; and, in reliance on *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997 (N.D.Ala.1986), this Court finds that the state court forums offer the efficiency sought and that the motions to transfer are due to be denied.[15]

## IV. Remaining Issues

The remaining issues are the same as those in all matters where a state civil action is removed to a bankruptcy court. These are: (1) does this Court have jurisdiction over the removed state law action and; (2) if so, should this Court abstain from hearing the action, remand the action or retain the action.

## A. Jurisdiction

Subsection 1334(a) of that section confers on district courts original and exclusive jurisdiction over all cases filed under the Bankruptcy Code; subsection 1334(b) confers original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code; and, subsection 1334(d) confers exclusive jurisdiction over all property of the debtor, wherever located, and of property of the bankruptcy estate in all cases filed under the Bankruptcy Code.

■ The particular subsection applicable to the instant matters is subsection 1334(b) conferring original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). In order for this Court to have jurisdiction over this action, the action must be:

(1) one that arises under the Bankruptcy Code;

(2) one that arises in a case filed under the Bankruptcy Code; or,

(3) one that is related to a case filed under the Bankruptcy Code.[16]

■ Applying the above criteria to the instant case this Court finds that removal of the state court actions was proper. Jurisdiction exists under 28 U.S.C. § 1334(b). The instant proceedings are civil proceedings that are related, albeit tangentially, to the bankruptcy cases filed in the Northern District of Illinois; consequently jurisdiction exists in this Court because the proceedings could conceivably have an effect on the estate being administered in bankruptcy. See, *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990).[17]

15. This Court recognizes that there are factors that weigh in favor of transfer (and for that matter weigh in favor of a single federal court forum to decide all issues). There are three adversary proceedings pending before this Court with different plaintiffs and defendants that originated in two different state courts. In this Court, one group of plaintiffs has agreed to settle their differences with two of the three groups of defendants. The debtors have three pending bankruptcy cases in the Northern District of Illinois. Certainly this Court could transfer all matters to the Illinois court. This however would be inappropriate. The factors this Court must consider in deciding the issues of transfer are closely related to abstention and remand and as expressed below those factors weigh heavily in favor of a local, state court adjudication.

16. See this Court's discussion of jurisdiction in *St. Vincent's Hospital v. Norrell (In re Norrell)*, 198 B.R. 987, 992 (Bankr.N.D.Ala.1996).

17. Where claims are based on state law litigation, issues of whether jurisdiction arises in or relates to a bankruptcy case, are for the most part, academic. Whether the action is one "arising" in bankruptcy or "related" to bankruptcy, this Court's authority to determine whether to abstain from deciding the matter or whether to remand the matter is unaffected. The United States Code designates most bankruptcy matters as "core" or "non-core" matters. See 28 U.S.C. § 157. In simple terms, actions that arise under the Bankruptcy Code or that arise in a case filed under the Bankruptcy Code are "core" matters. Actions that are related to cases filed under the Bankruptcy Code are "non-core" matters. The distinction is important as it relates to a bankruptcy court's authority; however both categories are subject to initial abstention and remand inquiry, whether the proceeding under scrutiny is "core" or "non-core." In either event, this Court exercises only non-exclusive jurisdiction in this case. Such jurisdiction does not require the Court to entertain all proceedings but allows the Court discretion to relocate this proceeding, whether core or non-core, to the state court. See, this Court's opinion in *St. Vincent's Hospital v. Norrell (In re Norrell)*, 198 B.R. 987, 992 (Bankr.N.D.Ala.1996), from which much of the above and below is taken. It is that opinion and *Vail v. Life Ins. Co. of Alabama and Merchants & Farmers Bank (In re Vail)*, Case No. 94–70220–BGC–13 (Bankr.N.D.Ala., July 18, 1996) *aff'd sub nom. Merchants & Farmers Bank v. Vail*, CV 96–C–2111–W, (N.D.Ala., September 16, 1996) *appeal filed* October 8, 1996 and *Roddam v. Metro*

## B. Properly Removed Case

Having made the determination that the proceedings before the Court were properly removed, this Court may abstain from hearing the matters, remand the matters or may retain the matters.

### 1. Abstention

#### a. Discretionary Abstention

 Discretionary abstention is governed by 28 U.S.C. § 1334(c)(1).[18] A bankruptcy court may abstain from hearing a proceeding arising under title 11, or arising in or related to cases under title 11, when to do so is in the interest of justice, or in the interest of comity with state courts or respect for state law.[19]

██ Factors to consider in determining whether discretionary abstention is appropriate include:

(1) the effect of abstention on the efficient administration of the bankruptcy estate;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1167 (9th Cir.1990) (citing *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.),* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987)).

██ Applying this criteria to the facts of these cases, with or without the proposed settlement, the Court finds that the state law causes of action should be decided by the state court. This Court finds:

(1) Contrary to the insurance-defendants' position that the efficient manner to administer this estate is for the Illinois court to hear all matters, abstention by this Court will allow the state courts to liquidate the dominate claims against the estate which will then allow the bankruptcy court to administer those fully liquidated claims.

(2) The plaintiffs' causes of action, and those of the insurance-defendants, if they have any, involve state law issues entirely and involve no bankruptcy law issues.

(3) The nature of the applicable law in Alabama is unsettled. The opinion of the Supreme Court of Alabama in *McCullar v. Universal Underwriters Life Ins. Co.,* 1995 WL 577025 (Ala. Sept. 29, 1995) issued on September 29, 1995 and relating to the legal issues involved in the substance of the plaintiffs' state law actions, is currently pending on rehearing.

(4) There are no civil actions *related* pending in non-bankruptcy courts although

---

*Loans, Inc., (In re Roddam),* 193 B.R. 971 (Bankr.N.D.Ala.1996) on which this Court relies in making its determinations in these matters.

**18.** The discretionary abstention provisions of 28 U.S.C. § 1334(c)(1) allow this Court to raise this issue *sua sponte.*

**19.** The "arising" and "related" language of section 1334(c)(1) is identical to the "arising" and "related" criteria of jurisdiction; consequently, if a matter is properly removed to a court with "arising" or "related" jurisdiction, the abstention provisions of section 1334(c)(1) may be considered.

there have been *similar* state court suits where bankruptcy courts remanded matters to state courts for decisions on these distinctively state law questions. See *Coleman v. First Family Fin. Servs., Inc., (In re Coleman),* 200 B.R. 403 (Bankr.S.D.Ala.1996) and this Court's opinion in *Vail v. Life Ins. Co. of Alabama and Merchants & Farmers Bank (In re Vail),* Case No. 94–70220–BGC–13 (Bankr.N.D.Ala., July 18, 1996) *aff'd sub nom. Merchants & Farmers Bank v. Vail,* CV 96–C–2111–W, (N.D.Ala., September 16, 1996) *appeal filed* October 8, 1996 and the opinion of the Western Division of this Court in *Wilson v. Alfa (In re Wilson),* Adv.Pro. No. 96–70520, (Bankr. N.D.Ala., September 27, 1996) and the order of the Eastern Division of this Court in *Twyman, et al. v. Wedlo, Inc., d/b/a/ Lorch, et al. (In re Dye),* Case No. 95–41609–JSS–13, Adv.Pro. No. 95–40639 (Bankr.N.D.Ala.1995) where the Court had an occasion to consider the issues before this Court when the *Twyman* case was removed to that court after one of the plaintiffs filed a bankruptcy in that division. On October 27, 1995 the judge of that court remanded the case to the state court.[20]

(5) There is no basis of jurisdiction other than 28 U.S.C. § 1334.

(6) The plaintiffs' causes of action, and those of the insurance defendants if they have any, are only remotely related to the main bankruptcy cases. The cross claims of the insurance defendants, "are based upon the fact that the liability of the Insurance Company Defendants, if any, will be derivative of the actions and liability of Wedlo." Brief of Defendants at 12, April 9, 1996 (Proceeding No. 9 in A.P. No. 96–00063).

(7) The *substance* of these proceedings are state law causes of action.

(8) There is no difficulty in severing the state law claims from the bankruptcy aspects of these matters to allow a judgment on the settlement to be entered, or a trial on the merits, in state court and the liquidation of the insurance-defendants' claims if any exist. If judgment is ultimately rendered for the plaintiffs, this result may be addressed by the bankruptcy court as it considers the impact on the insurance-defendants.

(9) This Court is unable to determine the effect of a trial of this matter on the dockets of the state courts or the Illinois bankruptcy court.

(10) This Court must assume that motivation for removal lies in an expectation that the defendants will be accorded more favorable treatment from the bankruptcy court (whether in time, procedure or substance) than it would from the forums in which the removed cases were originally brought.

(11) There is the existence of a right to a jury trial in the state court cases.

(12) Several non-debtor parties are involved in these proceedings.

The state court should hear all matters associated with the removed proceedings.[21] After the state court actions are concluded the debtors may proceed towards confirmation with liquidated claims. Such information will greatly assist the Illinois bankruptcy court.

### b. Mandatory Abstention

■ Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2). A bankruptcy court must abstain from hearing a civil proceeding if: (1) a timely motion to abstain is made by a party to the proceeding; (2) the proceeding is based on a state law claim or

---

20. To the contrary, the United States Bankruptcy Court for the Middle District of Alabama transferred, to the Illinois bankruptcy court, some proceedings filed against the debtor-defendants in a state court of that district, and removed to the bankruptcy court.

21. Some courts reasonably accept that abstention under § 1334(c) has no application in the context of a removed action reasoning that once the action is removed from the state court, that there is no longer any state court action from which a federal court could abstain. *Wilson v. Alfa (In re Wilson),* Adv.Pro. No. 96–70520, (Bankr.N.D.Ala., September 27, 1996); *Fedders North America, Inc. v. Branded Products, Inc. (In re Branded Products, Inc.),* 154 B.R. 936 (Bankr. W.D.Tex.1993).

state law cause of action; (3) the proceeding is related to a case under title 11 but did not arise under title 11 or in a case under title 11; (4) the proceeding could not have been commenced in a court of the United States absent jurisdiction under section 1334; and, (5) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.[22]

 With or without the proposed settlement, this Court finds that 28 U.S.C. § 1334(c)(2) requires this Court to abstain from hearing the lawsuit as it applies to the non-debtor defendants.[23] All of the criteria for mandatory abstention have been met. A timely request for abstention was filed. The lawsuits are based on state law causes of action. The lawsuits are related to bankruptcy cases but did not arise in those bankruptcy cases or otherwise arise under title 11. The lawsuits could not have been commenced in either the district court or bankruptcy court absent 28 U.S.C. § 1334(b). The lawsuits were commenced in state courts of appropriate jurisdiction. No evidence has been presented which indicates that the matters involved can be tried quicker in this Court, or the Illinois bankruptcy court, than it can in the state courts, or that trial of the lawsuits in the state courts will exceed the time anticipated for the debtors to proceed through their chapter 11 cases. The conclusion is unavoidable, this Court must abstain as to the non-debtor defendants.

### 2. Remand

 The bankruptcy court may remand a case on any equitable ground. 28 U.S.C. § 1452(b). Equitable grounds sufficient for remand include:

(1) *forum non conveniens;*
(2) that the entire action of a bifurcated matter should be tried in the same court;
(3) that a state court is better able to resolve state law questions;
(4) expertise of a particular court;
(5) judicial economy;
(6) prejudice to the involuntarily removed party;
(7) comity; and
(8) the lessened possibility of an inconsistent result.

*Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984) (construing the first sentence of repealed 28 U.S.C. § 1478(b), a sentence identical to section 1452(b)).[24]

 Sections 1452(b) [remand] and 1334(c) [abstention] of Title 28 of the United States Code are kindred statutes. Section 1452(b) favors comity and the resolution of state law questions by state courts, as does section 1334(c)(1).[25] Section 1334(c) encourages, and in certain cases, requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." *Thomasson v. AmSouth Bank,* 59 B.R. 997, 1002 (N.D.Ala. 1986). "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga.1989). Together, sections 1452(b) and 1334(c) strongly evince a con-

**22.** The mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) apply only to non-core, "related to" matters. Because this Court finds that the removed actions, as they apply to the non-debtor-defendants, are such actions the provisions apply here. See this Court's opinion and order appearing as *Roddam v. Metro Loans, Inc., (In re Roddam),* 193 B.R. 971 (Bankr.N.D.Ala. 1996).

**23.** Suits against debtor-defendants are generally considered core proceedings and thus would not qualify as only a "related to" proceeding as required by item 3 above. Of course, it is the non-debtor, insurance-defendants that are impacted by mandatory abstention, and it is those same parties that are the only parties opposed to removal of these matters from this Court.

**24.** The effect of remand on the administration of the bankruptcy estate must also be considered. *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,* 130 B.R. 405, 407 (S.D.N.Y.1991); *Walsh v. Brush (In re Walsh),* 79 B.R. 28, 29 (D.Nev.1987); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.,* 51 B.R. 578, 582 (N.D.Ind. 1985); *Shop & Go, Inc. v. D.K. Patterson Constr. Co. (In re Shop & Go, Inc.),* 124 B.R. 915, 919 (Bankr.M.D.Fla.1991).

**25.** Courts recognize that decisions to remand an action and decisions to abstain from hearing an action produce the same results. *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 867 (N.D.Ill.1991); *Lone Star Industr., Inc. v. Liberty Mut. Ins.,* 131 B.R. 269, 272 (D.Del. 1991).

gressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of section 1334(c), likewise weigh in favor of or constrain remand under section 1452(c).[26]

■ The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provide ample equitable grounds for remand of a lawsuit to state court. "[T]he considerations underlying discretionary abstention and remand are the same." *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D.La.1990). "[I]t is clear that the provisions for mandatory abstention are strong factors suggesting equitable remand under § 1452(b)." *Cook v. Griffin*, 102 B.R. at 877. The presence of facts supporting abstention, when coupled with related considerations of comity and preference for the resolution of state law questions by state courts, implied in section 1452(b), "tips the scales of equity in favor of remand...." *Thomasson v. AmSouth Bank*, 59 B.R. at 1002.

■ For the reasons expressed above in connection with the Court's decision to abstain from hearing this matter, with or without the proposed settlement, this Court finds that the removed matters are due to be remanded pursuant to 28 U.S.C. § 1452(b). In addition, in considering the separate and particular factors most courts address in relation to remand this Court finds that:

(1) The state court forums are far more convenient than the federal forum as the dominant state court has not only administered this matter for almost

two years but now has the opportunity to enter a settlement decree that will dispose of much of the pending litigation;

(2) While the actions may be bifurcated, the major part will be concluded with little additional effort;

(3) The state courts are better able to resolve the unsettled state law issues;

(4) The state courts have the particular expertise to decide the issue of this matter;

(5) Judicial economy will be served if all nonbankruptcy issues are tried in the state courts. Once the non-bankruptcy claims are liquidated the bankruptcy court will be able to coordinate the debtors plans of reorganization;

(6) Although the parties would be entitled to a jury trial in either forum, remand could have a significant effect on the right to a jury trial since all parties must consent to such a trial in this Court. Jury trials have been demanded. This Court has only "related to" jurisdiction. There is no evidence that all of the parties consent to a bankruptcy court jury trial. "Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand." *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y.1991). See also *Lone Star Industr., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 275 (D.Del.1991); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 495 (E.D.La.1990); *Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.)*, 158 B.R. 442, 445 (Bankr.N.D.Ohio 1993); *Marston Enters., Inc. v. Krupp Mortgage Co., L.P. (In re Baltic Assocs., L.P.)*, 149 B.R. 93, 95 (Bankr.E.D.Pa.1993); *Zweygardt v. Colorado Nat'l Bank of Denver*, 52 B.R. 229, 235 (Bankr.D.Col.

---

26. *Seale v. Owens & O–M Management Group, Inc.*, 134 B.R. 181, 185 (E.D.La.1991); *O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D.La.1991); *Computerware, Inc. v. Micro Design, Inc. (In re Micro Design, Inc.)*, 120 B.R. 363, 366 (E.D.Pa.1990); *Marshall v. Michigan Dep't of Agric.*, 118 B.R. 954, 967 (W.D.Mich.1990); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D.La.

1990); *Cook v. Griffin*, 102 B.R. 875, 877 (N.D.Ga.1989); *Chiodo v. NBC Bank–Brooks Field (In re Chiodo)*, 88 B.R. 780, 785 (W.D.Tex. 1988); *Thomasson v. AmSouth Bank N.A.*, 59 B.R. 997, 1002 (N.D.Ala.1986); *Shop & Go, Inc. v. D.K. Patterson Constr. Co. (In re Shop & Go, Inc.)*, 124 B.R. 915, 920 n. 4 (Bankr.M.D.Fla. 1991).

1985). The right to jury trial also weighs in favor of discretionary abstention. See *Williams v. Chism,* 164 B.R. 735, 737 (N.D.Miss.1994); *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 495 (E.D.La.1990); *In re Bowen Corp., Inc. v. Security Pacific Bank Idaho,* 150 B.R. 777, 784 (Bankr.D.Idaho 1993); *Hackeling v. Rael Automatic Sprinkler Co. (In re Luis Elec. Contracting),* 165 B.R. 358, 368 (Bankr.E.D.N.Y.1992); *Nationwide Roofing & Sheet Metal, Inc. v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal, Inc.),* 130 B.R. 768, 780 (Bankr.S.D.Ohio 1991); *Shop & Go, Inc. v. D.K. Patterson Constr. Co. (In re Shop & Go, Inc.),* 124 B.R. 915, 920 (Bankr.M.D.Fla.1991).

If all parties do not consent to a bankruptcy court jury trial, this Court must, if the cases are not remanded, hear and dispose of all preliminary matters and then transfer the matter to the district court once it becomes ready for trial. *City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.,* 125 B.R. 645, 650 (N.D.Ala.1989). The state court judges will have the advantage of hearing preliminary motions and matters, and thus will be intimately familiar with the factual and legal issues involved and then will be better able to supervise the trials of those factual issues and to resolve those legal issues at trial.

(7) This Court should extend the courtesy to the state courts of allowing those courts to interpret their own laws; and

(8) The possibility of inconsistent results is minimized if the causes of action against all defendants are tried in state courts.

### 3. Retain the Removed Action

Having made the determinations that this Court should abstain from deciding the substantive issues of the removed complaints and that the removed causes of action should be remanded to the courts from which they were removed, this Court will, obviously, not retain the removed action.[27]

### V. Conclusion

Based on the above, the Court finds that jurisdiction over these matters exists but that abstention should be invoked and that the matters should be remanded, whether for trial or settlement, to the state courts from which they were removed. A separate order will be entered in accordance with this memorandum opinion.[28]

DONE this the 4th day of November, 1996.

### ORDER

In conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is ORDERED, ADJUDGED AND DECREED that:

**In *Tommy Twyman,* A.P. No.: 96–00063**

1. The Debtor–Defendants' *Notice of Removal* was proper;

2. The Debtor–Defendants' *Motion to Transfer* is **DENIED**;

3. The *Plaintiff's Motion to Remand or, In the Alternative, to Sever and Remand* is **GRANTED**; and

4. The *Joint Stipulation for Remand* (filed by Plaintiffs and Defendants, Wedlo, Inc.; Wedlo Holdings, Inc.; and Wedlo Finance, Inc. and Defendants, Heller Financial, Inc.; and Heller International Corporation) is **GRANTED.**

**In *Chris Chappell,* A.P. No.: 96–00099**

1. The Voyager Life Insurance Company's and Guaranty Insurance Company's *Notice of Removal* was proper;

2. The Voyager Life Insurance Company's and Guaranty Insurance Company's *Motion to Transfer* is **DENIED**;[29]

---

27. There are no issues before this Court regarding dischargeability of a debt.

28. An original of this opinion, and the accompanying order shall be entered separately in all three adversary proceedings.

29. In an *Order* entered on August 12, 1996 (Proceeding No. 14 in A.P. No. 96–00099) this Court

ordered, by consent of the affected parties, that "plaintiff's claims against defendants Voyager Life Insurance Company and Voyager Guaranty Insurance Company are hereby severed from plaintiff's claims against defendant Wedlo, Inc., and plaintiff's claims against defendants Voyager Life Insurance Company and Voyager Guaranty Insurance Company are remanded to the Circuit

3. The Plaintiff's *Motion to Remand or, Alternatively to Sever and Remand* (only as to Wedlo, Inc. d/b/a Lorch) is **GRANTED;** and

4. The Plaintiff's *Motion to Stay Enforcement of Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure* is **GRANTED.**

**In *Wes Chappell*, A.P. No.: 96–00116**

1. The Union Security Life Insurance Company's *Notice of Removal* was proper;

2. The Union Security Life Insurance Company's *Motion to Transfer* is **DENIED;**

3. The Plaintiff's *Motion to Stay Enforcement of Federal Rules of Civil Procedure* is **GRANTED;** and

4. The Plaintiff's *Motion to Remand or, Alternatively to Sever and Remand* is **GRANTED.**

Court of Walker County, Alabama." Consequently, Voyager Life Insurance Company and Voyager Guaranty Insurance Company were no longer parties to these proceedings. Because the debtor-defendants did not file notices of removal or motions to transfer in this specific adversary proceeding, as a technical matter there are no parties left to prosecute Voyager's action; however, the Court recognizes the practical problems such a finding would cause and has considered the *Chris Chappell* proceedings along with the other two.