**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

LORENE GOODMAN,

      Plaintiff - Appellant,

vs.

MEDICAL ENGINEERING
CORPORATION; BRISTOL-MYERS
SQUIBB COMPANY; AESTHETECH
CORPORATION; THE COOPER
COMPANIES, INC.;
COOPERVISION INC.; CV SUB 1987
INC.; INAMED CORPORATION;
SIROD CORPORATION; CVI
MERGER CORPORATION;
MINNESOTA MINING AND
MANUFACTURING
CORPORATION, d/b/a 3M Company;
J. DAN METCALF,

      Defendants - Appellees.

No. 98-6437
(D.C. No. 95-CV-1619)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, Circuit Judges, and **BROWN**,[**] District Judge.[***]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Hon. Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

Plaintiff-appellant Lorene Goodman appeals from the dismissal with prejudice of her suit against the above-named defendants.  The district court dismissed plaintiff's suit for failure to comply with the court's orders.  Because we conclude that the district court lacked subject matter jurisdiction over this action, we direct the district court to vacate its judgment and remand to the Oklahoma state district court.

In August 1992, plaintiff, a Texas citizen, filed a breast implant suit in Oklahoma state district court alleging medical malpractice and products liability against various defendants and Dow Corning Corporation (DCC).  Defendants did not attempt to exercise any right of removal under 28 U.S.C. § 1441.  Three years later, on May 15, 1995, DCC filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan.  In October 1995,     DCC unilaterally removed Ms. Goodman's claims against it to the federal district court for the Western District of Oklahoma, with the objective of having those claims transferred to the Michigan bankruptcy court.  *See* 28 U.S.C. §§ 1334(b); Fed. R. Bankr. Proc. 9027; Appellee Metcalf's App. at 17-21.  Metcalf, the defendant/physician who had performed plaintiff's implants, timely asked for clarification in regard to the removal of defendants other than DCC, and if the

---

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G).  The cause is therefore ordered submitted without oral argument.

whole case had been removed, objected to the removal and sought remand of the claims not involving DCC. *See* R. tab 2, Metcalf's motion for clarifying order or, alternatively, for remand and abstention. DCC responded that it only intended to remove "those personal injury/breast implant claims asserted against it" and it "did not, and it was not its intention, to remove any claims pertaining to the Physician Defendants." *See* Appellee Metcalf's App. at 25.

In February 1996, before the Oklahoma federal district court ruled on Metcalf's motion for clarification or remand, the case was transferred into federal multi-district litigation (MDL) proceedings in Alabama, along with 127 other cases from eight other states. *See id.* at 28-30. The MDL Panel summarily rejected arguments that some cases had been improperly removed to federal court or that the motions to remand should be decided prior to transfer to Alabama. *See id.* at 28. Both plaintiff and defendant Metcalf again unsuccessfully sought an order of clarification and remand in the Alabama proceedings, asserting that plaintiff's claims against the remaining defendants had never been removed to federal court. *See id.* at 36-44 (Oklahoma plaintiffs' joint motion to sever and remand); *id.* at 31-35 (Metcalf's motion for clarification order regarding removed claims); *id.* at 73-74 (letter to Northern District of Alabama requesting decision on motions for remand). None of the remaining defendants opposed the motions for remand.

The question before us is whether, after DCC removed the claims against it to the Oklahoma federal district court, the cause of action against the remaining defendants stayed in state court or was also removed to the Oklahoma federal district court automatically or by some other means. In their joint answer brief, the manufacturing appellees candidly state that DCC's removal "did not result in the removal of Plaintiff's claims against any of the remaining Defendants" because the remaining defendants failed to file a notice of removal in this case. *See* Joint Br. of Manufacturing Appellees at 2. Metcalf contends that removal of plaintiff's claims against the remaining defendants never occurred, a position shared by the plaintiff, although she now seeks transfer of the case to the United States District Court for the Northern District of Texas.

Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995); *see also American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) (stating that "[t]he [removal] jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties").

DCC is not a party to this appeal, the Eastern District of Michigan having

taken bankruptcy jurisdiction over the claims against DCC. In our search for federal jurisdiction, the manufacturing appellees state that "[a]rguably, the entire case fell within the [Oklahoma] federal district court's original (but not exclusive) jurisdiction as a result of [DCC's] bankruptcy filing." Joint Br. of Manufacturing Def. at 2 (citing 28 U.S.C. § 1334(b)). Even if plaintiff's claims against DCC were properly removed to the Oklahoma district court under 28 U.S.C. § 1452(a) and Fed. R. Bankr. Proc. 9027, *see Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1211-12 & 1212 n.6 (3rd Cir. 1992); *National Developers, Inc. v. Ciba-Geigy Corp. (In re Nat'l Developers, Inc.)*, 803 F.2d 616, 620 (11th Cir. 1986), the notice of removal expressly removed only the claims against DCC; the other defendants did not join in removal. Thus, this case is distinguishable from *Lindsey v. O'Brien*, *Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 486, 494 (6th Cir. 1996), where the Sixth Circuit held that Eastern District of Michigan had "related-to" jurisdiction under 28 U.S.C. § 1334(b) of claims against removing non-DCC defendants.

Although removal in the bankruptcy context is theoretically possible under 28 U.S.C. § 1441(a), *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128-29 (1995), that cannot be the basis for removal jurisdiction in this case. First, no timely notice of removal was filed. See 28 U.S.C. § 1446(b). Second,

only DCC sought to remove; the removal petition was not joined by all defendants, another prerequisite. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1991).

We conclude that because (1) only those claims against DCC were expressly removed to the Oklahoma federal district court in DCC's notice of removal; (2) the remaining defendants did not join in the removal; and (3) the Oklahoma federal district court does not have jurisdiction over the remaining claims under any other statute brought to our attention, the Oklahoma federal district court had no subject matter jurisdiction to issue its order dismissing plaintiff's claims against the remaining defendants and its judgment is void. *See United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1309 (10th Cir. 1994) (stating that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action"). In these circumstances, the case against the remaining defendants should be remanded to state court. *See* 28 U.S.C. §§ 1447(c); *Owens-Illinois, Inc. v. Rapid American Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (proper bankruptcy removal requires subject matter jurisdiction).

Defendant INAMED's motion to adopt the manufacturing appellees' brief is **GRANTED**.

The manufacturing appellees' motion for an order striking appellant's brief

and requiring appellant to disclose the identity of all counsel who provided legal assistance in drafting her brief is **DENIED**.

The case is **REMANDED** to the United States District Court for the Western District of Oklahoma with instructions to vacate its judgment and to remand the case to the Oklahoma County state district court from whence it was allegedly removed for further proceedings.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge